UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:19-cr-010-JMH-MAS |
| v. | ) | |
| | ) | **AGREED DISCOVERY TIMELINE AND** |
| BENIAMIN-FILIP OLOGEANU, | ) | **GENERAL ORDER OF DISCOVERY** |
| AUSTIN EDWARD NEDVED, and | ) | |
| ANDREW GILBERT YBARRA, II, | ) | |
| | ) | |
| Defendants. | ) | |

\* \* \*

The Court enters this general order of discovery and pre-trial procedures for criminal actions pursuant to the Notices by the United States of Agreed Discovery Timeline [DE 75, DE 88].

1.  Pretrial discovery and inspection.

(a) The Government. The Court has been advised that the United States has produced the first phase of the discovery materials as to Defendant Beniamin-Filip Ologeanu, that is, those materials pertaining to the above-named Defendants generally collected and added to the discovery database before December 11, 2018. Additionally, the Court has been advised that the United States has provided Defendants Austin Edward Nedved and Andrew Gilbert Ybarra, II, with a summary report for discovery materials.

(b) **By April 8, 2019**, the United States will produce discovery materials to Defendants Austin Edward Nedved and Andrew Gilbert Ybarra, II.

(c) **By April 30, 2019,** the United States will produce the second phase of the discovery materials at to Defendant Beniamin-Filip Ologeanu, that is, those materials pertaining to the above-named Defendants generally collected and added to the discovery database on or after December 11, 2018. The United has already provided each of the above-named Defendants with a summary report.

(d) The United States shall permit the defendant(s) to inspect and copy or photograph:

(1) Any relevant written or recorded statements or confessions made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

(2) Any relevant results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the case, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

(3) Any relevant recorded testimony of the defendant before a grand jury.

(4) Books, papers, documents, tangible objects, buildings or places which are the property of the defendant and which are within the possession, custody or control of the government.

(5) The Federal Bureau of Investigation Identification Sheet indicating defendant's prior criminal record.

(6) Any evidence favorable to the defendant.

(d) <u>The Defendant.</u> **By May 31, 2019**, the United States Attorney and the defense counsel shall confer and, upon request, the defendant shall produce all items discoverable pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

(e) <u>Declined disclosure.</u> If, in the judgment of the United States Attorney, it would not be in the interests of justice to make any one or more disclosures set forth in paragraph (a) above and requested by defense counsel, disclosure may be declined. A declination of any requested disclosure shall be in writing, directed to defense counsel, and signed personally by the United States Attorney, and shall specify the types of disclosure that are declined. If the defendant seeks

to challenge the declination, he/she shall proceed pursuant to Subsection (d) below.

(f) Additional discovery or inspection. If additional discovery or inspection is sought, defendant's attorney shall confer with the appropriate Assistant United States Attorney with a view to satisfying these requests in a cooperative atmosphere without recourse to the Court. The request may be oral or written and the United States Attorney shall respond in like manner.

(g) Jencks Act material. Jencks Act material pursuant to 18 U.S.C. § 3500 is not discoverable prior to trial. Following the direct examination of a government witness, the prosecution shall turn over all Jencks Act material.

(h) *Brady* material. The government shall disclose any *Brady* material of which it has knowledge in the following manner:

(1) pre-trial disclosure of any *Brady* material discoverable under Rule 16(a)(1); and

(2) disclosure of all other *Brady* material "in time for effective use at trial."

If the government is unsure as to whether the evidence is covered by *Brady* or is unsure about the proper time for disclosure, then counsel may request an *in camera* hearing for the purpose of resolving this issue; failure to disclose *Brady*

material at a time when it can be effectively used may result in a recess or a continuance so that the defendant may properly utilize such evidence.

(i) _Rule 404(b) evidence._ Upon service of a request from the defendant for notice of Rule 404(b) evidence of other crimes, wrongs, or acts, the United States shall provide reasonable notice in advance of trial of the general nature of any such evidence it intends to introduce at trial unless the Court excuses pre-trial notice upon motion by the United States showing good cause.

2.   Tendered Plea Agreement

The United States shall tender a plea agreement to all Defendants, if a plea is offered, no later than **three weeks** prior to the scheduled trial date.

3.   Motions for Rearraignment.

That all motions for rearraignment shall be filed at least **two weeks** prior to the scheduled trial date. Failure to comply with this paragraph may impact the final sentence. The parties are advised and cautioned that any such motions that do not comply with this paragraph must be accompanied by an affidavit of counsel explaining the failure to comply and will be considered in the Court's analysis of the factors under 18 U.S.C. § 3553(a) at sentencing. Following the filing of a motion for re-arraignment, the United States shall submit to the

Court's chambers a copy of any proposed plea agreement.   If the parties intend to proceed pursuant to a written plea agreement, such copy shall be submitted for the Court's review within forty-eight (48) hours of any motion for re-arraignment.

       4.  <u>Defensive motions</u>.

      (a)  Generally.  Defensive motions (except motions for discovery under paragraph 1 above) **shall be filed by May 31, 2019**, accompanied by a memorandum of authorities, with an extra copy of such memorandum being filed for the convenience of the Court.   Responses and replies will be governed by the Joint Local Rules of the Eastern and Western Districts of Kentucky, and shall be accompanied by a memorandum of authorities.   An extra copy shall also be filed for the convenience of the Court. (If the motion is filed electronically, a copy need not be filed for the convenience of the Court).   All memoranda on motions shall be in conformity with Rule 7.1 of the Joint Local Rules for the United States District Courts of the Eastern and Western Districts of Kentucky.   Hearings on motions requiring evidentiary hearings or oral arguments may be reassigned at a mutually convenient time if timely requested at a conference call.   Counsel shall confer and have all necessary witnesses present and ready to testify at such hearings.

    Motion practice shall be governed by Local Criminal Rule 12.1; however, failure to respond to a motion shall be grounds

for the Court to conclude that any arguments in opposition thereto have been waived. *See Humphrey v. U.S. Attorney Gen. Office,* No. 07-3740, 2008 WL 2080512 (6th Cir. May 15, 2008).

(b) Motions to Suppress. Paragraph 3 of this Order shall apply to motions to suppress evidence, except that the opposing memorandum of the United States with regard to such motions shall be filed no later than the date of the suppression hearing. Supplemental memorandums may be allowed to be filed after completion of the suppression hearing if requested by counsel and granted by the Court.

5. <u>Motions to Continue Trial.</u>

The parties are advised that any motion to continue the trial date filed by or on behalf of a defendant must be accompanied by a written statement from the defendant noting that he consented to the delay in his trial, citing the relevant sections of the Speedy Trial Act upon which the motion is based. The United States must respond to the motion within five (5) days of the date of filing of the motion. In the event the United States seeks to continue the trial date, it must also provide citation to all relevant sections of the Speedy Trial Act upon which the motion is based. The defendant(s) shall thereafter be provided a period of five (5) days within which to file a written response to the motion. If the defendant agrees

to the continuance, he must provide at the time the response is filed a written consent.

6. <u>Jury instructions.</u>   The parties shall submit proposed jury instructions on the substantive law of the case directly to the Court's chambers at **LEXINGTON, KENTUCKY.**   The United States shall submit proposed jury instructions a week prior to the trial of the case.   The defendant shall submit any proposed jury instructions at least one day prior to trial. These instructions shall be submitted as an attachment to an e-mail to hood_chambers@kyed.uscourts.gov in Word or WordPerfect format.   The proposed instructions need not be filed in the record.   Whenever applicable, the parties are instructed to follow Sixth Circuit Pattern Jury Instructions.   If any instruction cannot be agreed to or cannot be found in the Sixth Circuit Pattern Jury Instructions, the parties shall submit their proposed instructions with supporting authorities.

7. <u>Witness and Exhibit Lists</u>.   The United States (and the defendant if the defendant so elects) shall submit at least one week prior to trial for the Court's *in camera* review, a proposed witness list with a brief summary of expected testimony and an estimate as to the amount of time that will be required to present the witness' testimony-in-chief.

8. <u>Clothing for Trial</u>.   Defense counsel and defendant must make arrangements for civilian clothing, i.e.,

something other than prisoner or jail clothing, to be worn at trial if it is desired in advance of the date and time set for trial.   If a defendant in custody wishes to wear civilian clothing at trial, in keeping with *Estelle v. Williams*, 425 U.S. 501 (1976), either counsel or defendant shall ensure that it is made available to defendant, through the Marshals Service, no later than thirty (30) minutes prior to the start of trial. Failure to do so may constitute waiver of any right or privilege secured by law.

9.   <u>Voir Dire</u>.   The Court will conduct the voir dire examination of prospective jurors.   Each party shall file a list of proposed questions no later than ten days prior to the beginning of trial.   The defendant may seek to file its proposed questions under seal if desired.

10.   <u>Exclusion of Witnesses</u>. That on the day of trial, pursuant to Rule 615 (and subject to Rule 60(a)(2) and 18 U.S.C. sec. 3771(a)(3)), all witnesses in the case on trial are excluded from the courtroom pending their testimony, except for the parties, a designated representative of the parties, or a person whose presence is shown by a party to be essential to the presentation of the party's cause.

**IT IS SO ORDERED.**

This 1st day of April, 2019.



Signed By:

_**Joseph M. Hood**_

**Senior U.S. District Judge**

Rev 12/11/18